

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN THE MATTER OF: | JUN 0 9 2015 : | MISCELLANEOUS ACTION |
| | : | |
| FRANCIS MALOFIY | MICHAEL E. KUNZ, Clerk. | NO. 14-139 |
| | By_____ Dep. Clerk | |

FILED JUN 0 9 2015 MICHAEL E. KUNZ, Clerk. By_____ Dep. Clerk

## ORDER

**AND NOW**, this 9th day of June, 2015, after careful consideration by this Court of Francis Malofiy's Answer to the Rule to Show Cause why he should not be subject to discipline by this Court for his activities and conduct in <u>Daniel Marino v. Usher, et al.</u>, Civ. A. No. 11-6811; the hearing held by a Committee of this Court, composed of Judge John R. Padova, Judge Legrome D. Davis, and Judge Juan R. Sánchez on December 4, 2014; the memoranda filed by Mr. Malofiy and the Office of Disciplinary Counsel; the Committee's Report and Recommendation, which recommended that Mr. Malofiy violated Pennsylvania Rules of Professional Conduct 4.1(a), 4.3, 8.4(c), and 8.4(d) and should be suspended from the practice of law in this Court for a period of three months and one day; and Mr. Malofiy's Objections to the Report and Recommendation; **IT IS HEREBY ORDERED** as follows:

1. Mr. Malofiy's request that the Board of Judges hold Argument regarding his Objections to the Report and Recommendation is **DENIED**;

2. Mr. Malofiy's Objections to the Report and Recommendation are **OVERRULED**;

3. The Report and Recommendation is **APPROVED** and **ADOPTED**;

4. Mr. Malofiy is suspended from the practice of law in this Court for a period of three months and one day, effective thirty (30) days from the date of this Order;

5. Mr. Malofiy shall comply with the following requirements, within ten (10) days of the date of this Order:

   (a) Mr. Malofiy shall promptly notify, or cause to be notified, by registered or certified

mail, return receipt requested, all clients who are involved in pending litigation or administrative proceedings before this Court, and the attorney or attorneys for each adverse party in such matter or proceeding, of his suspension and consequent inability to practice law before this Court after the effective date of his suspension. The notice to be given to each such client shall advise the prompt substitution of another attorney or attorneys in his place. In the event the client does not obtain substitute counsel before the effective date of Mr. Malofiy's suspension, it shall be Mr. Malofiy's responsibility to move for leave to withdraw as counsel in each such case.

(b) Mr. Malofiy shall not accept any new retainer or engage as attorney for a new client in any new case before this Court or in any legal matter of any nature that may result in litigation before this Court, after the date of this Order. However, during the period from the date of this Order and the effective date of Mr. Malofiy's suspension, he may wind up and complete, on behalf of any client, all matters which were pending on the date of this order.

(c) Within ten (10) days after the effective date of his suspension, Mr. Malofiy shall file with the Clerk a verified statement showing the following: (1) that the provisions of this Order and these restrictions have been fully complied with and (2) all other state, federal and administrative jurisdictions in which he is admitted to practice. Such statement shall also set forth Mr. Malofiy's residence or other address where communications may thereafter be directed.

6. The Clerk of this Court shall, within ten (10) days after Mr. Malofiy complies with paragraph 5(c), transmit to the disciplinary authority in such other jurisdiction, or for such other court in which Mr. Malofiy is admitted to practice law, a certified exemplified copy of this Order of suspension.

BY THE COURT:

*/s/ Petrese B. Tucker*
Petrese B. Tucker
Chief Judge